SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MAJORITY STRATEGIES, LLC,

                          Plaintiff,

            v.

AUSTIN C. SMITH and
SMITH LAW GROUP, LLP,

                        Defendants.
-----------------------------------------------------------------X

Index No.:

**SUMMONS**

Date of Filing: June 8, 2023

Plaintiff designates
New York County
As the place of Trial

The basis of venue is the
Principal residence of the
Defendant

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Petitioner's Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally served upon you within the State of New York).

    **YOU ARE HEREBY NOTIFIED THAT**, in case of your failure to appear or Answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
         June 8, 2023

                                      DERREVERE STEVENS BLACK & COZAD

                          By: _____
                                      Robert A. Stern, Esq.
                                      DERREVERE STEVENS BLACK & COZAD
                                      Attorneys for Plaintiff *Majority Strategies LLC*
                                      270 Madison Avenue, 8th Floor
                                      New York, New York 10016
                                      (212) 671-8314

Defendants Address:

Smith Law Group, LLP
99 Wall Street – No.: 426
New York, New York 10005

Austin C. Smith
c/o Smith Law Group, LLP
99 Wall Street – No.: 426
New York, New York 10005

Smith Law Group, LLP
3 Mitchell PL
STE 5P
New York, New York 10017

Austin C. Smith
c/o Smith Law Group, LLP
3 Mitchell PL
STE 5P
New York, New York 10017

Smith Law Group, LLP
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAJORITY STRATEGIES, LLC,                                              Index No.:

                        Plaintiff,                        **COMPLAINT**

                          v.                                        Jury Trial Demanded

AUSTIN C. SMITH and
SMITH LAW GROUP, LLP,

                        Defendants.
-------------------------------------------------------------------X

Plaintiff, MAJORITY STRATEGIES, LLC ("Majority Strategies"), by and through its attorneys, Derrevere Stevens Black & Cozad, for and by its Complaint against Defendants AUSTIN C. SMITH ("Mr. Smith") and SMITH LAW GROUP, LLC ("SLG"), hereby alleges as follows:

**PARTIES**

1. This is an action for damages in the minimal amount of $118,559.00.

2. Plaintiff is a Delaware Limited Liability Company that has its principal place of business in Jacksonville, Florida.

3. Plaintiff cannot satisfy the Federal Court's requirement for disclosure of all LLC members to establish federal jurisdiction.

4. Defendant, Mr. Smith, is a natural person who resides in the State of New York.

5. Defendant SLG is a New York limited liability partnership, and is registered as a domestic registered limited liability partnership with the State of New York.

6. Defendant Mr. Smith is the sole and/or majority owner and/or Partner of SLG.

7.      Venue is proper in this judicial district because it is where Defendants reside and/or operate their business, and from where they retained Plaintiff.

8.      This Court may exercise personal jurisdiction over Defendants because they reside in this jurisdiction, conduct their business within this jurisdiction and entered into agreements with Plaintiff from this jurisdiction.

## GENERAL ALLEGATIONS

**The PHEAA Project**

9.      Defendant Mr. Smith retained Plaintiff to conduct a public relations campaign for a project named PHEAA (the "PHEAA Project"). The terms of the Parties' agreement related to the PHEAA project are memorialized in a Service Agreement, dated August 26, 2020, a copy of which is attached as **Exhibit A**.

10.     According to the Service Agreement, the PHEAA Project was designed to "put pressure on student lenders to settle pending class-action suits." This was to be accomplished through a "pilot program" which is laid out in the "Scope of Services" attachment under a section captioned "Strategy":

> Our team will craft emotionally compelling digital ads based on your subject matter expertise on the issue.
>
> These ads will run against very specific and discrete targeted populations online, such as people with outstanding student loan debt, parents, fiscal conservatives, or individuals who distrust big corporations. Majority Strategies has all that data on those groups.
>
> These ads will push people to a simple website (landing page), which will have a petition for them to virtually sign.

4

Upon signing, their information will be sent to us to add to our database for future activation as well as sending a copy of the petition to their elected representatives (senators/members of Congress or federal regulators).

11. As part of the PHEAA Project, Majority Strategies arranged for creation of a 501c4 entity named Student Loan Defense Fund ("SLDF"). Plaintiff contracted with Clark Fork Group ("Clark Fork") to incorporate SLDF and to provide a donor disclosure statement. Clark Fork also handled the administrative, legal, and compliance for SLDF.

12. Attached hereto as **Exhibit B** is an appropriately named document, "Summary of History of Contractual Relationship - Smith Law Group LLP and MS" ("Summary of History"), in which Majority Strategies describes, in detail, the events relating to the formation of the Service Agreement for the PHEAA Project, the services performed by Majority Strategies pursuant to the Service Agreement, and the breach thereof by Mr. Smith and SLG for failing to pay Majority Strategies the services it performed.

13. Attached hereto as **Exhibit C** is Majority Strategies' invoice for the PHEAA project, #2020-4908, in the amount of $68,559.00, which remains unpaid.

**The Navient Project**

14. Defendant Mr. Smith retained Plaintiff Majority Strategies to conduct a second public relations campaign for a project named Navient (the "Navient Project"). The terms of the Parties' agreement related to the Navient project are memorialized in a Service Agreement, dated January 11, 2021, a copy of which is attached as **Exhibit D**.

15. According to the Service Agreement, the Parties agreed that this public relations campaign would run for one month, from January 12, 2021 to February 12, 2021, with the goal of influencing key decision makers at Navient through the use of banner ads, a direct ad buy on

5

Politico or other new website, and video ads. The cost for this project was $50,000.00, which included $5,000.00 in costs for legal/compliance relating to SLDF.

16. In the Summary of History document attached hereto as **Exhibit B**, at pages 22-29, Majority Strategies summarizes the events relating to the formation of the Service Agreement for the Navient Project, the services performed by Majority Strategies pursuant to the Service Agreement, and the breach thereof by Defendants Mr. Smith and SLG for failing to pay Majority Strategies the services it performed.

17. Attached hereto as **Exhibit E** is Majority Strategies' invoice for the Navient Project, #2021-0023, in the amount of $50,000.00, which remains unpaid.

18. The total amount outstanding for the two unpaid invoices is $118,559.00.

19. All conditions precedent to the Service Agreements have been performed, excused or waived.

20. Majority Strategies has retained undersigned counsel to represent it in this action and has agreed to pay the firm reasonable attorneys' fees.

## COUNT I
## Fraud

21. Paragraphs 1 – 20 are incorporated and realleged herein by reference, as if fully stated herein.

22. Several times during the Parties' contractual relationship, Defendants falsely and fraudulently represented to Plaintiff that they would pay for the services rendered by Plaintiff.

23. In fact, at one point in time, Defendants falsely and fraudulently represented that they had reached agreement with another law firm, Boies Schiller, to pay half of the fees for services rendered by Plaintiff.

24. The above representations made by Defendants were, in fact, false.

6

25. The true facts were that Defendants had no intention of making the required payments or otherwise performing under the contract once they received the services.

26. Defendants made these representations knowing them to be false, and with the intent to defraud and deceive Plaintiff and to induce Plaintiff to act in the manner herein alleged.

27. Plaintiff, at the time Defendants made the above misrepresentations, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the misrepresentations and believed them to be true.

28. In reliance on these representations, Plaintiff was induced to and did provide services to Defendants.

29. Had Plaintiff known the actual facts, it would not have taken action for the benefit of Defendants.

30. As a direct, proximate and foreseeable result of the fraud and deceit by Defendants, Plaintiff has sustained financial damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, plus interest, costs, attorneys' fees, and such other relief as the Court deems just and appropriate.

## COUNT II
### Breach of Contract

31. Paragraphs 1 – 30 are incorporated and realleged herein by reference, as if fully stated herein.

32. Mr. Smith on behalf of SLG executed and delivered to Plaintiff a Service Agreement for both the PHEAA Project and the Navient Project, copies of which are attached hereto as **Exhibit A** and **Exhibit D**, respectively.

7

33.     Plaintiff fully performed its obligations under the Service Agreements and provided the services called for in the "Scope of Services" attachment of both Service Agreements.

34.     Defendants breached the terms of both Service Agreements by failing to pay for the services rendered by Plaintiff under both Service Agreements.

35.     As a direct and foreseeable result of the aforementioned breaches by Defendants, Plaintiff sustained damages of at least $118,559.00.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, plus interest, costs, attorneys' fees, and such other relief as the Court deems just and appropriate.

## COUNT III
## Unjust Enrichment

36.     Paragraphs 1 – 35 are incorporated and realleged herein by reference, as if fully stated herein.

37.     In performing services for Defendants, Plaintiff conferred a benefit on Defendants.

38.     At all times material thereto, Defendants knew that Plaintiff was conferring a benefit on them by means of the public relations and digital advertising services.

39.     Defendants voluntarily accepted and retained the services and benefits offered by Plaintiff.

40.     It would be inequitable for Defendants not to compensate Plaintiff for the services rendered.

41.     Defendants have been unjustly enriched at the expense of Plaintiff in the amount of at least $118,559.00.

8

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, plus interest, costs, attorneys' fees, and such other relief as the Court deems just and appropriate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff hereby demands judgment in its favor and against Defendants, jointly and severally, as follows:

A. For compensatory damages in the amount of $118,559.00 for fraud;

B. For compensatory damages in the amount of $118,559.00 for breach of contract;

C. For compensatory damages in the amount of $118,559.00 unjust enrichment;

D. An award of Plaintiff's attorneys' fees, costs and expenses; and

E. For such other and further relief as may be just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: New York, New York
       June 8, 2023

_____
Robert A. Stern, Esq.
Derrevere Stevens Black & Cozad
*Attorneys for Majority Strategies, LLC*
270 Madison Avenue
8th Floor
New York, New York 10016
212-671-8314
ras@derreverelaw.com