UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJORITY STRATEGIES, LLC,

               Plaintiff,

-against-

AUSTIN C. SMITH, et al.,

               Defendants.

23-cv-7598 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    On August 26, 2023, Defendants removed this case from New York state court. Dkt. 1. They argue that this Court has diversity jurisdiction. Dkt. 1 at 1–2. But in their Notice of Removal, Defendants say they are citizens of New York. Dkt. 1 at 1. And a diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). On September 1, 2023, Plaintiff sought remand to state court on this ground. Dkt. 5.

    In their opposition brief, Defendants claim they were not "properly joined and served" until after they removed this action. Dkt. 15 at 6–10. As evidence, they point to Plaintiff's state-court motion for (and the state court's grant of) alternative service. *Id.* at 8. Yet that motion, on its face, is only about the individual defendant, Austin Smith. Dkt. 15-2 at 2. It says that "Service of Process on the corporate defendant [Smith Law Group, LLP] was made via service upon the Secretary of State." *Id.* ¶ 8; *see also* Dkt. 17-2 at 6 (affidavit of service on Secretary of State). And it was filed on August 3, 2023, more than three weeks before Defendants removed the action. *Id.* at 4. So service on the partnership defendant was complete by August 3, 2023, at the latest. N.Y. P'ship Law § 121-109 (authorizing service on the secretary of state for a domestic limited partnership and declaring service "complete when the secretary of state is so served"). As such, Defendants attempted to remove this suit after "any of the parties in interest" were "properly joined and served."

Because Defendants are citizens of New York, the state-court suit was brought in New York, at least one Defendant had been properly joined and served, and Plaintiff filed its motion within 30 days of removal, Plaintiff's motion for remand is GRANTED. *See* 28 U.S.C. §§ 1441(b)(2), 1447(c). The Clerk of Court is directed to terminate Dkt. 5, remand the case to New York State Supreme Court, New York County, and close this action.

SO ORDERED.

Dated: October 12, 2023
 New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge
